IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| VERNIE A. DURHAM, | : |
| Plaintiff | : |
| VS. | : CIVIL No: 5:13-CV-0142-MTT-MSH |
| GREGORY MCLAUGHLIN, et. al., | : |
| Defendants | : |

## ORDER

Plaintiff Vernie A. Durham, an inmate currently confined at Macon State Prison, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 and is proceeding *in forma pauperis*. In an order dated April 23, 2013, the United State Magistrate Judge directed Plaintiff to supplement his Complaint. Plaintiff was given twenty-one days to comply and was advised that a failure to comply may result in the dismissal of his Complaint. Plaintiff later requested an extension of time, and he was given an additional twenty-one days to file his supplement. When that time expired, Plaintiff was ordered to respond and show cause why his Complaint should not be dismissed for failure to comply.

Plaintiff has now filed a response to the Show Cause Order. In his response (Doc. 8), Plaintiff asserts that he has been unable to supplement his Complaint within the forty-day period provided because he has limited access to the prison law library. Plaintiff's lack of access to the law library is not an excuse for his failure to comply with the Court's order to supplement his Complaint. The Magistrate Judge's Order directed Plaintiff to supplement his Complaint with more specific *factual* allegations. This does not require legal research. Plaintiff needed only to more fully describe the events giving

rise to his claims.

Because Plaintiff failed to comply with the Court's Order to supplement his Complaint and has now failed to show good cause for that failure, the Court will proceed with the preliminary review required by 28 U.S.C. §1915A(a). When conducting preliminary screening pursuant to 28 U.S.C. § 1915A(a), the district court must accept all factual allegations in the complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings, like the one in this case, are also "held to a less stringent standard than pleadings drafted by attorneys" and will, therefore, be "liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). A *pro se* prisoner's pleading is nonetheless subject to dismissal prior to service if the court finds that the complaint, when viewed liberally and in the light most favorable to the plaintiff, is frivolous or malicious or that the complaint otherwise fails to state a claim upon which relief may be granted. *See* 28 U.S.C. §1915A(b)(1). *See also* 28 U.S.C. §1915(e) (requiring the same when a plaintiff is proceeding *in forma pauperis*).

A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). To state a cognizable claim, the allegations in the complaint must also do more than "merely create[] a suspicion [of] a legally cognizable right of action." *Id.* at 555; *see also*, *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1037 (11th Cir. 2001) (en banc) (citation omitted) ("Pleadings must be something more than an ingenious academic exercise in the conceivable."). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.

Threadbare recitals of the elements of cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 663, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).  Therefore, to survive a §1915A preliminary review, a prisoner's complaint must "raise the right to relief above the speculative level" by alleging facts that create "a reasonable expectation" that discovery will reveal the evidence necessary to prove a claim.  *See Twombly*, 550 U.S. at 555-556.

In this case, Plaintiff's Complaint alleges that he was denied medical care for a shoulder injury.  The Complaint fails, however, to make sufficient allegations against the two named Defendants: Warden Gregory McLaughlin or Deputy Warden Talisha Moody. A prisoner cannot state a claim based upon a theory of respondent superior or vicarious liability under § 1983.  *Miller v. King*, 384 F.3d 1248, 1261 (11th Cir. 2004) (quoting *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003)), vacated on other grounds, 449 F.3d 1149 (11th Cir. 2006).  To state a claim against a supervisory official, a prisoner must allege facts showing either that the supervisor personally participated in the alleged constitutional violation or that there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation.  *H.C. by Hewett v. Jarrard*, 786 F.2d 1080, 1086-87 (11th Cir. 1986).

Plaintiff's Complaint does not include any such allegation or connection.  The Complaint only alleges that the warden denied Plaintiff's grievance and that the deputy warden is lazy and does not do her job.  The denial of a grievance, standing alone, is insufficient to establish personal participation in an alleged constitutional violation.  *See Larson v. Meek*, 240 F. App'x 777, 780 (10th Cir. 2007); *see also*, *Baker v. Rexroad*, 159 F. App'x 61, 62 (11th Cir. 2005) (per curiam).  Plaintiff's vague and conclusory allegation

that Defendant Moody failed "to do her job" likewise fails to establish her involvement in any constitutional violation. Plaintiff's Complaint thus fails to state a cognizable claim for relief under §1983. *See Twombly*, 550 U.S. at 555-56.

Even if Plaintiff had made sufficient allegations against the named defendants, so as to demonstrate a "deliberate indifference" to his medical needs, Plaintiff's claims would still fail. As Plaintiff was previously advised, to state a claim for inadequate medical care under the Eighth Amendment, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to a *serious* medical need. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). An "objectively serious medical need" is one that, if left unattended, poses a substantial risk of serious harm. *Taylor v. Adams*, 221 F.3d 1254, 1257 (11th Cir. 2000). A medical need is serious if it has been diagnosed by a doctor as mandating treatment or is so obvious that even a layperson would easily recognize the necessity for medical attention. *Hill v. DeKalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187 (11th Cir. 1994), overruled in part on other grounds, H*ope v. Peltzer*, 536 U.S. 730, 739 (2002). Plaintiff's Complaint does not provide sufficient information for the Court to determine whether his injury may be considered a "serious medical need" under § 1983.

For these reasons, the Court finds that Plaintiff's Complaint fails to state a claim upon which relief may be granted. The Complaint is accordingly **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915A(b)(1). Because this dismissal is *without prejudice*,[1] Plaintiff is free to file another complaint against these or other defendants once he has sufficient time to form his claims. However, Plaintiff is advised that, in

---

[1] "When a *pro se* plaintiff fails to state a claim and a more carefully drafted complaint might state a claim, dismissal should be without prejudice." *Washington v. Wigington*, No. 1:12–CV–0637–WSD–JFK, 2012 WL 3834844 (N.D. Ga. July 27, 2012); *see also Quinlan v. Pers. Transp. Servs. Co.*, 329 F. App'x 246, 249 (11th Cir. 2009) ("[W]e never have stated that a district court *sua sponte* must allow a plaintiff an opportunity to amend where it dismisses a complaint without prejudice."(emphasis in original)).

Georgia, §1983 claims have a two year statute of limitations.   See *Owens v. Okure*, 488 U.S. 235, 236, 109 S.Ct. 573, 574, 102 L.Ed.2d 594 (1989), (citing *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985)); O.C.G.A. § 9-3-33 (1982). Thus, Plaintiff has only two years from the date of the events giving rise to his claims (which is alleged in this Complaint to have been January 4, 2013) to re-file his complaint.

As noted above, Plaintiff was previously granted leave to proceed without pre-payment of the filing fee.   The dismissal of this Complaint does not relieve Plaintiff of his obligation to pay the fee; he is still obligated to eventually pay the full $350.00 filing fee, using the installment payment plan described in 28 U.S.C. § 1915(b).

For this reason, it is hereby **ORDERED** that Plaintiff be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee.   The agency having custody of Plaintiff is **DIRECTED** forward said payments from Plaintiff's account to the Clerk of the Court each time the amount in the account exceeds $10.00 until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).   Filing fees paid are not refundable, regardless of the outcome of Plaintiff's case.   It is thus further **ORDERED** that collection of monthly payments from Plaintiff's trust fund account continue until the entire $350.00 has been collected, notwithstanding the dismissal of this lawsuit or the granting of judgment against him prior to the collection of the full filing fee.   In the event Plaintiff is released from the custody of the State of Georgia (or any county thereof), he shall remain obligated to pay any balance due on the filing fee until it has been paid in full.   If Plaintiff is released from custody and fails to remit payments, collection of any balance due is authorized by any means permitted by law.

-6-

The Clerk of Court is accordingly **DIRECTED** to send a copy of this Order to the warden and/or business manager of the institution in which Plaintiff is presently confined.

**SO ORDERED**, this 2nd day of August 2013.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

jlr